IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BOYLE, CHERYL MCKINNEY, <br><br> Plaintiffs, <br><br> v. <br><br> JUDITH MEYER, ORTHOPEDIC & SPORTS PHYSICAL THERAPY ASSOCIATES, INC., <br><br> Defendants. | 2:21-CV-00694-CCW |

<u>**MEMORANDUM OPINION**</u>

Before the Court is Plaintiffs' Motion to Remand Case to State Court ("Motion to Remand"), ECF No. 7. For the reasons that follow, Plaintiffs' motion is hereby **GRANTED**.

**I.    Background**

On April 20, 2021, Plaintiffs John Boyle and Cheryl McKinney filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Defendants Orthopedic & Sports Physical Therapy Associates, Inc. ("Defendant OSPTA")[1] and Judith Meyer, P.T. ("Defendant Meyer"). ECF No. 1-1. Defendant Meyer, who was employed by Defendant OSPTA, went to Plaintiff Boyle's home to provide at-home physical therapy following Plaintiff Boyle's open-heart surgery. *Id.* ¶¶ 13–17. Plaintiffs allege that on November 8, 2020 Defendant Meyer arrived at Plaintiff Boyle's house and "was not wearing gloves, a face shield, or an appropriate

---

[1] Plaintiffs incorrectly identified Defendant OSPTA @ HOME, LLC d/b/a OSPTA Home Care & Hospice as Orthopedic & Sports Physical Therapy Associates, Inc. and the parties have agreed to stipulate to amending the caption to reflect the proper entity name, OSPTA @ HOME, LLC d/b/a OSPTA Home Care & Hospice, but have not yet filed a stipulation. ECF No. 1 at 1 n.1. Defendants have not addressed whether identity of the party would provide another basis for federal jurisdiction, (for example, diversity jurisdiction, *see* 28 US Code § 1332) or otherwise affect the outcomes of the Court's analysis of the Motion to Remand.

face mask; … [she] only had a thin, disposable surgical mask." *Id.* ¶¶ 16. The Complaint alleges that Defendant Meyer immediately shook Plaintiff' Boyle's hand on arrival, did not wash her hands upon arrival or before physical therapy, and touched numerous surfaces. *Id.* ¶¶ 18–21. On November 14, 2020, Defendant Meyer informed Plaintiffs that she had tested positive for COVID-19. *Id.* ¶ 24. Shortly thereafter, both Plaintiffs developed COVID-19 related symptoms, were admitted to the hospital for approximately 10 days, and were put on oxygen. *Id.* ¶¶ 25–28. Plaintiffs allege that they did not have any outside contact with any individual other than Judith Meyers and that they continue to suffer adverse effects of COVID-19. *Id.* ¶ 29–30.

Plaintiffs assert two state law causes of action: one count of negligence against Defendant Meyer (Count I) and one count of negligence under a respondeat superior theory against Defendant OSPTA (Count II). *Id.* ¶¶ 31–46. With respect to Count I, Plaintiffs allege that Defendant Meyer had and breached a "duty to wear PPE and ensure that they would not be exposed to unreasonable risk of harm that [Defendant Meyers] should have known about." *Id.* ¶¶ 32–34. With respect to Count II, Plaintiffs allege that Defendant OSPTA is liable for the negligent acts of Defendant Meyer and that Defendant OSPTA failed to create and enforce effective COVID-19 policies, properly and consistently train, retrain, and guide Defendant Meyer, failed to provide adequate supervision of Defendant Meyer regarding the appropriate standards of care in the context of COVID-19, and failed to provide adequate safeguards and screening of its employees so as to prevent the spread of COVID-19. *Id.* ¶¶ 42–44.

Plaintiffs' Complaint was served on Defendants on April 23, 2021, ECF No. 1-1 at 14, and Defendants timely removed the action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 to the Western District of Pennsylvania on May 24, 2021. ECF No. 1.

Plaintiffs moved to remand the case to state court on June 4, 2021. ECF No. 7. Defendants filed a motion to dismiss on June 22, 2021. ECF No. 10. The parties' briefing on the motion to dismiss includes information that is relevant to the Court's threshold decision on whether the case must be remanded to state court for lack of subject matter jurisdiction. As such, the Court has considered the parties' briefing on both motions to the extent the arguments therein relate to the issue of removal jurisdiction. *See* ECF Nos. 8, 11, 12, 15, 16.

## II.     Legal Standard

A district court has original jurisdiction over claims "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. To determine whether a claim "arises under" federal law, and thus is removable from state court by a defendant, the Court applies the "well-pleaded complaint rule." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987); *see also Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 92–93 (3d Cir. 1989). Under the well-pleaded complaint rule, removal is proper only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983). Thus, a federal defense to a plaintiff's state law cause of action, including a defense based on preemption, is typically insufficient to warrant removal to federal court. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353–54 (3d Cir. 1995).

Although "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law," *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F. 3d 393, 400 (3d Cir. 2004) (quoting *Pryzbowski v. US. Healthcare, Inc.*, 245 F.3d 266,274 (3d Cir. 2001)), the burden of establishing removal jurisdiction rests with Defendants. *Dukes*, 57 F.32 at 359. Any doubts as

to jurisdiction upon removal "should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III.   Analysis

Defendants assert that removal is proper for several reasons: (1) because the PREP Act completely preempts Plaintiffs' claims; (2) under the Federal-Officer-Removal Statute (28 U.S.C. § 1442(a)(1)); and (3) the Complaint necessarily raises a substantial, disputed federal question under the *Grable*[2] doctrine.  *See* ECF No. 11 at 4–6; ECF No. 12 at 5–19; ECF No. 16 at 2–5. Plaintiff opposes all these grounds for removal.  *See* ECF No. 8 at 6–15; ECF No. 15 at 5–12. The Court will discuss each ground in turn in the context of the recent Third Circuit case *Estate of Maglioli v. All. HC Holdings LLC*, Nos. 20-2833, 20-2834, 2021 U.S. App. LEXIS 31526 (3d Cir. Oct. 20, 2021) which addressed many of these issues.

#### A.   The PREP Act Does Not Completely Preempt Plaintiffs' Negligence Claims and Thus Does Not Provide Removal Jurisdiction for Defendants

The Supreme Court has recognized an exception to the well-pleaded complaint rule known as "complete preemption," which applies when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Dukes*, 57 F.32 at 354 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). In *Estate of Maglioli v. All. HC Holdings LLC*, the Third Circuit ruled that the PREP Act[3] completely preempted a cause of action for willful misconduct, but did not preempt a state law

---

[2] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

[3] For a full discussion of the history and purposes of the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, and its implementation during the COVID-19 pandemic, see *Estate of Maglioli v. All. HC Holdings LLC*. 2021 U.S. App. LEXIS 31526, at *3−7 (3d Cir. Oct. 20, 2021). The PREP Act provides immunity from suit and liability for claims related to the administration of a "covered countermeasure" for certain covered individuals. *Id.*

negligence claim. Nos. 20-2833, 20-2834, 2021 U.S. App. LEXIS 31526, at *24–31 (3d Cir. Oct. 20, 2021); ECF No. 17 ¶ 2 (noting that PREP Act "does not completely preempt a negligence state law claim"). Because the *Maglioli* plaintiffs' state law claims of negligence and wrongful death did not fall into the "narrow cause of action for willful misconduct," the Third Circuit found that district court did not have removal jurisdiction and remand was proper. *Maglioli*, 2021 U.S. App. LEXIS 31526, at *31.

Here, the Complaint sets forth two counts of negligence, ECF No. 1-1 ¶¶ 31–46, which, like the causes of action in *Maglioli*, do not fall within the narrow cause of action for willful misconduct. *Maglioli*, 2021 U.S. App. LEXIS 31526, at *26 (noting that the "PREP Act's cause of action for willful misconduct 'establish[es] a standard for liability that is more stringent than a standard of negligence in any form or recklessness.'" (citing 42 U.S.C. § 247d-6d(c)(1)(B)).

Thus, Plaintiffs' claims are not completely preempted by the PREP Act, and Defendants may not remove this action on the ground of complete preemption.

### B. The Federal-Officer-Removal Statute (28 U.S.C. § 1442(a)(1)) Does Not Provide Removal Jurisdiction for Defendants.

Under the federal-officer-removal statute, certain officers of the United States may remove actions to federal court. 28 U.S.C. § 1442(a)(1). To do so, a defendant must meet four requirements:

> (1) the defendant must be a "person" within the meaning of the statute; (2) the plaintiff's claims must be based upon the defendant "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant must be "for or relating to" an act under color of federal office; and (4) the defendant must raise a colorable federal defense to the plaintiff's claims.

*Maglioli*, 2021 U.S. App. LEXIS 31526, at *12 (internal citations omitted). All four prongs must be met for the Court to exercise jurisdiction under 28 U.S.C. § 1442(a)(1). *See id.* (finding that

the failure second prong dispositive). Here, the parties appear to dispute whether Defendants have satisfied the second, third, and fourth prongs. ECF No. 8 at 10–15; ECF No. 12 at 16–19.

With respect to the second prong under the federal-officer-removal statute, a private party must show that it was "acting under" federal officers. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007). Although recognizing that the phrase "acting under" must be liberally construed, when applying the second prong to actions by nursing homes during the COVID-19 pandemic, the Third Circuit found that "[m]erely complying with federal laws and regulations is not 'acting under' a federal officer for purposes of federal-officer removal," and private parties, such as nursing homes, must show that their "actions 'involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.'" *Maglioli*, 2021 U.S. App. LEXIS 31526, at *12–13 (citing *Watson*, 551 U.S. at 147, 152) (emphasis original). The Third Circuit continued by noting that even if a private party is subject to specific and close regulations, that fact does not by itself bring a private party within the scope of the federal-officer-removal statute. *Id.* (citing *Watson*, 551 U.S. at 157 ("differences in the degree of regulatory detail or supervision cannot by themselves transform . . . regulatory compliance into the kind of assistance that might bring the [agency] within the scope of the statutory phrase 'acting under' a federal 'officer.'")).

In support of removal, Defendants contend that their actions were "taken in an effort to assist, or to help carry out, the duties or tasks dictated by the [Centers for Disease Control and Prevention ("CDC")] in responding to the COVID-19 pandemic" and that they "were acting specifically at the direction and under the supervision of the United States government with respect to various countermeasures implemented to prevent and treat the COVID-19 virus, including following evolving and specific [CDC] guidelines." ECF No. 12 at 17–18. However, in their Notice of Filing of Additional Authority, Defendants acknowledge that *Maglioli* held that "a

healthcare provider cannot remove a claim from state court pursuant to the Federal Officer Removal Statute when acting pursuant to COVID-19 agency directives." ECF No. 17 ¶ 2.

The Court declines to find that Defendants, a company providing in-home physical therapy services and a physical therapist, are differently situated than the nursing homes in *Maglioli*. Though Defendants allege that they are assisting or helping carry out duties of the CDC, like the nursing homes in *Maglioli*, Defendants have not alleged that they are government contractors, have a close relationship with the federal government, have been delegated federal authority, or provide a service that the federal government would otherwise provide. 2021 U.S. App. LEXIS 31526, at *13–14 (noting private Government contractors and nonprofit community defender as examples of entities "acting under" the United States, its agencies, or its officers). Accordingly, Defendants have not satisfied the second prong of the federal-officer-removal statute analysis, and they may not remove this action pursuant to 28 U.S.C. § 1442(a)(1). Because the Court concludes that Defendants cannot meet the second prong, we need not, and do not, reach prongs three and four.

### C. The *Grable* Doctrine Does Not Provide Removal Jurisdiction

Defendants also contend that removal is proper pursuant to the *Grable* doctrine. *See* ECF No. 12 at 8–10 *and* ECF No. 15 at 3–4. In "a special and small category of cases," *Gunn v. Minton*, 568 U.S. 251, 258 (2013), a defendant may remove a complaint as arising under federal law if the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state juridical responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also*, 28 U.S.C. § 1331; *see also id.* § 1441(a). Federal jurisdiction under the *Grable* doctrine is proper if the federal issue is—"(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state

7

balance approved by Congress." *Maglioli*, 2021 U.S. App. LEXIS 31526, at *31–32 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

The *Grable* doctrine usually applies in one of three "prototypical" cases: "where the federal government itself seeks access to a federal forum, [where] an action of the federal government must be adjudicated, or where the validity of a federal statute is in question." *Clayton v. Dollar Bank*, No. 2:21-CV-843, 2021 U.S. Dist. LEXIS 191673, at *21-22 (W.D. Pa. Oct. 5, 2021) (Conti, J.). This case fits none of these categories. Rather, "this is a fact-bound, individualized dispute, perhaps implicating a federal preemption defense." *Id.*

In *Maglioli*, the Third Circuit found that the PREP Act preemption defense was not "necessarily raised" by the well-pleaded state-law negligence complaint.[4] 2021 U.S. App. LEXIS 31526, at *32; *see also* ECF No. 17 ¶ 2 (noting that a "defendant's assertion of the PREP Act defense was insufficient to invoke the *Grable* doctrine because the defense was not actually mentioned in the complaint"). The Court found that although the "nursing homes would at best be entitled to a preemption defense under the PREP Act… [Plaintiffs] would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not an essential element of the plaintiff[s'] state law claim." *Id.* (internal citations and quotations omitted). Thus, the mere fact that Defendants may seek to raise a PREP Act preemption defense is insufficient to allow removal of this action. *See* ECF No. 12 at 14 (contending that the "PREP Act provides relevant immunity, and as such, subject matter jurisdiction to this Court to adjudicate claims").

---

[4] Defendants' briefs cite the Department of Health and Human Services Secretary's declaration and general counsel advisory opinions interpretating the PREP Act in support of their arguments under *Grable*, however the Third Circuit ruled that those declarations and opinions regarding the scope of the federal courts' jurisdiction under the PREP Act are not entitled to deference and are unpersuasive. *Estate of Maglioli v. All. HC Holdings LLC*, 2021 U.S. App. LEXIS 31526, at *8–11 (3d Cir. Oct. 20, 2021).

In their Notice of Additional Authority, Defendants note that the Third Circuit in *Maglioli* "did not address whether the *Grable* doctrine is applicable where the complaint itself alleges a breach of federal guidelines [in this case, the CDC guidelines] as the basis for its state-law negligence claims." ECF No. 17 ¶¶ 2–6.  Defendants contend that "[w]ithout the federal [CDC] guidelines, there would be no alleged 'duty to wear PPE' (if any such duty even exists), no breach of that duty, and as a result no negligence claim." *Id.* (citing ECF No. 1-1 ¶¶ 32, 33).

Nonetheless, Defendants still fail to satisfy the "necessarily raised" prong of *Grable*.  A federal issue is necessarily raised when "an element of the state law claim requires construction of federal law." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412–13 (3d Cir. 2015).  Case law in the Third Circuit "establishes that a complaint that asserts a state law claim based on the alleged violation of federal regulations is insufficient to necessarily raise a federal issue." *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 470 (E.D. Pa. 2021);  *see also Kalick v. Nw. Airlines Corp*, 372 F. App'x 317 (3d Cir. 2010) (noting that under *Grable*, one "cannot simply cite to a federal regulation that does not give rise to a private cause of action in order to satisfy federal subject matter jurisdiction.").  Here, Defendants focus on the fact that Plaintiffs' negligence claim refers to a "duty to wear PPE" based on CDC *guidelines*.  ECF No. 17 ¶¶ 4, 5, 6.  Courts have concluded "that the fact that the Complaint references … CDC guidelines is insufficient to 'necessarily raise' a federal issue as required under the first prong of *Grable*." *Benjamin*, 516 F. Supp. 3d at 469 ("no statutory or regulatory language is at issue in this case;  the Complaint cites only … CDC guidelines.");  *see also McGuire v. Palmerton Hosp.*, No. 12-1718, 2012 U.S. Dist. LEXIS 86084, at *9-10 (E.D. Pa. June 20, 2012)  ("Although each claim refers to federal and state statutes, regulations, and public policy, both causes of action are Pennsylvania state law claims.  Plaintiff's claims simply do not fit within the slim category of cases set forth in *Grable*...").

9

Even if Plaintiffs' negligence claims would have necessarily raised a federal issue, which the Court finds they do not, there is no basis to conclude that any federal issues pled in the Complaint here are "actually disputed and substantial." In analyzing the second and third prong of the *Grable* doctrine, "the Supreme Court has distinguished cases such as *Grable* that present a 'nearly pure issue of law' that would govern numerous other cases, from those that are 'fact-bound and situation-specific.'" *MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 413 (3d Cir. 2015) (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006)) (internal quotation marks omitted); *see also Draper v. Ctr. for Organ Recovery & Educ.,* No. 2:10-cv-181, 2010 U.S. Dist. LEXIS 34802, at *8 (W.D. Pa. Apr. 8, 2010) (McVerry, J.) (noting that under *Grable* and its progeny, "a case is removable only if it presents a context-free inquiry into the meaning of a federal law"). Here, whether Defendants acted in accordance with the CDC guidelines is a "fact-bound and situation specific" inquiry that does not present a "substantial" question of federal law that is significant to the federal system as opposed to only the parties. *MHA LLC*, 629 F. App'x at 413; *see also Benjamin*, 516 F. Supp. 3d at 470 (noting that the citation to only CDC guidelines and how they apply to defendant's conduct does not show that that any federal issue is actually disputed).

Finally, cases "asserting 'run-of-the mill state tort' claims" "are well within the purview of the state court," and to find "otherwise would risk disrupting the balance between federal and state courts." *Benjamin*, 516 F. Supp. 3d at 471; *see also McGuire v. Palmerton Hosp.*, No. 12-1718, 2012 U.S. Dist. LEXIS 86084, at *9–10 (E.D. Pa. June 20, 2012). Here, applying Defendants' theory, "every single person or entity who wore a mask, got screened with a COVID-19 test, or even practiced social distancing" in accordance with or in violation of CDC guidelines "would be entitled to remove a state law negligence claim." *Moody v. Lake Worth Invs.*, Civil Action No.

10

4:21-cv-00160-O, 2021 U.S. Dist. LEXIS 174876, at *12 (N.D. Tex. May 26, 2021) (noting this hypothetical in the context of the PREP Act's lack of complete preemption).

The Court finds that Plaintiffs' Complaint, which references CDC guidelines as a basis for a state law negligence claim does not fall within *Grable*'s "special and small category of cases." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

### D. The Court Does Not Have Jurisdiction to Decide the Issue of PREP Act Immunity

The parties dispute whether Defendants' actions fall within the scope of the PREP Act, notably whether the Complaint alleges the *failure* to use covered countermeasures or the *actual use* of covered countermeasures. *Compare* ECF No. 15 at 10–16 ("Plaintiffs have alleged simply that the Defendants either failed to act or, in the case of [Defendant] Meyers, took actions that were inappropriate ... [and] the Defendants' failures…do not entitle them to PREP Act immunity.") *with* ECF No. 12 at 10–16 ("the Complaint clearly establishes that Plaintiffs' claims relate to the use of covered countermeasures, such as PPE, and the implementation and administration of covered countermeasures to reduce the transmission of COVID-19 within its facility – claims covered by the PREP Act.") *and* ECF No. 16 at 4–5 ("Plaintiffs argue that their claims fall outside of the PREP Act because they have alleged non-use of covered countermeasures…"). However, the resolution of this dispute is immaterial for the purposes of this Motion. Having found that the PREP Act does not provide for complete preemption of Plaintiffs' negligence claims and that no other basis for federal jurisdiction applies, "the district court, being without removal jurisdiction … lacks power to do anything other than remand to the state court." *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353–54 (3d Cir. 1995). Thus, the parties' dispute regarding the applicability of the PREP Act as a potential defense of immunity must be resolved in state court.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand will be **GRANTED**.

DATED this 20th day of December, 2021.

                                        BY THE COURT:

                                        <u>/s/ Christy Criswell Wiegand</u>
                                        CHRISTY CRISWELL WIEGAND
                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record